Anderson, J.,
delivered the opinion of the court:
Two questions are raised upon the record of this cause. The first is, does the determination of an estate by the operation of an executory devise defeat the right of the widow to dower ?
The leading English case on this subject is Buckworth v. Thirkell, 3 Bos. & Pul. 652 note, decided in 1785. In that ease, Lord Mansfield held that it would not defeat the right of the husband to curtesy. And the same was held by this court a few years after in Ta *563 liaferro v. Burwell, 4 Call. 321. Ko reference is made by the court in its decision, or by the counsel in argument, to the above decision of Lord Mansfield, was probably not then known here. The principle involved in the right to dower and curtesy is the same. If the determination of the estate by an executory devise will not defeat the .husband’s right to curtesy, it cannot defeat the wife’s right to dower; which seems to be conceded on all sides.
With regard to this question, eminent jurists and able conveyancers, both in England and the United States, have entertained conflicting opinions; and Buckworth v. Thirkell has been the subject of much discussion, of disapproval by some eminent jurists and text-writers, and of approval by others, equally eminent; among the former may be named Jacob and Kent. Some of the leading English text-writers have foreborne to express an opinion on the question, among whom may be mentioned Burton and Preston. Atkinson says, when the husband’s estate is defeated by executory devise, it has been settled (but it has been thought rather anomalously) that the widow shall nevertheless be entitled to dower. Other distinguished writers support Buckworth v. Thirkell; among whom I will name Jarman, Roper and Bissett. Mr. Jarman states the law thus: that an immediate estate in fee, defeasible on the taking effect of an executory limitation, has all the incidents of an actual estate in fee simple in possession, such as curtesy, dower, &c.; the devisee having the inheritance in fee, subject only to a possibility. 1 Jarm. on Wills 792; 1 Roper, Husb. & Wife 38-43, 377; Bissett’s Est. for Life, 82-87, See also 2 Crabb Real Prop. 167.
The case of Goodenough v. Goodenough is referred to by Mr. Preston, as supporting the claim of dower in *564 estates determined by conditional limitation or executory devise, 3 Prest. Abstr. 372. The case of Moody wife v. King, 2 Bing. R. 447, 9 Eng. C. L. 475, decided in 1825, since Buckworih v. Thirkell had been reviewed and discussed by eminent writers, supports-the judgment of Lord Mansfield. And, in a recent case, the vice chancellor applied the doctrine of Moody v. King to an equitable determinable estate, and held that the widow of the tenant in fee simple in that case was entitled to dower as against the executory devisee. Upon appeal to the lord chancellor the decree was affirmed. Smith v. Spencer, 6 De Gex, McNa. & Gord. 631. The current of American decisions seems to be in the same direction. In Evans v. Evans, a testator had devised lands to two sons, G. and O., their heirs and assigns; but if either should die without having lawful issue living at his death, his estate was to vest in his surviving brothers and sisters—a ease very analogous to ours. One of these sons died without issue, outliving the other son, and the question was made, whether his widow was entitled to dower. Chief Justice Gibson discussed the subject at length, and it was held that the widow was entitled to dower. The same doctrine has been held in Kentucky and South Carolina, and in the early decision in Virginia, supra; and no American case, contra, has fallen under our notice, except the case of Weller v. Weller, 28 Barb. R. 588, which was not a decision of a court of the last resort.
Mr. Scribner, from whose valuable treatise on dower, cited by appellee’s counsel, I have derived much assistance in this investigation, takes an important distinction. He says “there seems to be a marked distinction between a ease where, by the terms of the limitation, the husband takes a fee simple estate, which, if he have issue living at his death, will descend to such *565 issue, and which is limited over only in the event of his death without issue; and other cases of conditional limitation. Such a case is closely assimilated in ■ciple, to the natural determination of the estate for want of heirs generally; and there would seem to be no good reason why the husband’s estate should not be •prolonged, so as to give the right of dower in the one ■case as well as in the other, particularly as it is allowed to estates tail under similar circumstances; and also to conditional fees at common law.” It is not necessary that the estate of which the husband died seized •shall be transmissible to his heir, in order to entitle the widow to dower. It is only necessary that if she has issue by him, according to Littleton (who is high authority upon such questions), that such issue may possibly inherit the estate of which he died seized. (Littleton, § 53.)
“In all the reported cases in which dower or curtesy has been allowed upon estates of this character (it is remarked by Mr. Scribner), the estate was such, that the issue of the wife, had there been any, would have been entitled to take by descent. In the cases in which it was denied, the issue could not have taken by •descent.” Upon the whole, the court is of opinion that John D. Hughes, the husband, having died seized of an estate in fee, determinable by an executory devise over upon his dying without issue, his widow was entitled to dower in said estate.
The second and only remaining question raised by the record we will now consider: “ Is the failure of the widow to renounce the will of her husband a bar to her claim of dower, she being a devisee under the will ?” This is claimed under the following clause of chapter 106, § 4, of Code of 1873: “ If any estate, real or personal, intended to be in lieu of dower, shall be con *566 veyed or devised for the jointure of the wife, such-conveyance shall bar her dower.of the real estate, or residue thereof; and every such provision, by deed or wpi sjaan be taken to be intended in lieu of dower, unless the contrary intention plainly appear in such deed or will.”
The will of John D. Hughes contains the following clause: “Article 1st. I give and bequeath to my beloved wife my whole estate, both real and personal, for her especial use and behoof.” And he appoints her his executrix, without security.
Bequeathing his whole estate to her, real and personal, if he had any real estate which could pass by the devise, her dower right would be merged in the fee. But if she chose only to claim her dower, that is a life-estate in the one-third thereof, and disclaim the remainder, which she would have unquestionably a right to do, it would be an absurdity to hold that the heir could plead in bar of her recovery the devise' to her of the whole real estate in fee. But if the real estate, in which, as we hold, she is entitled to dower, did not pass to her by the devise, it is because it was not devisable by the husband, and if so, not descendible from him, and his heir has no interest in it, and cannot defeat her recovery by pleading in bar the devise made to her by the will. The appellants must claim it either as heirs of the testator, John I). Hughes, or as the executory devisees. But we have seen that, as executory devisees, they are not entitled to hold it against the widow’s right of dower. Having no right to it as executory devisees, they cannot claim it in that right under the foregoing clause of the statute. If the devise to the widow would be a bar to her recovery, her inability to recover, by reason of having received other property in lieu of it from her husband, would not vest *567 the dower estate in the executory devisee. It would be virtually a purchase of the dower by the husband, and would be an accession to his estate, and could go to the executory devisee, but would be descendible to his heir. And for the same reason the section of the statute under consideration could only enure to the benefit of the heir or distributee, or personal representative of tbe testator. If the wife’s dower is barred under this section, what she loses her husband’s estate gains. If she is defeated in the recovery of her dower, it is because she has received from her husband’s estate other property in lieu of it, and thus her husband’s estate acquires her dower. It becomes a part of his estate, in consideration of the jointure which he has devised to her in lieu of dower.
In this view of the subject, which we think is just, it is manifest that the section of the statute under consideration has no application to this ease. If the wife had received the devise in lieu of dower, her husband’s estate would be virtually the purchaser of her dower.
The appellants, as the executory devisees, would not be entitled to it, and her husband’s heirs or distributees would not be entitled to it as a part of his estate, because, by his will, he gave the whole of his estate, real and personal, to his wife; and she would be entitled to it.
The court is therefore of opinion that there is no error in the decree of the circuit court, and that the same be affirmed with costs.
Decree apfirmed.